**RICHARD G. HYPPA**
**Attorney at Law**
**SBN 104547**
**TRACY LAW CENTER**
120 E. 12ᵗʰ St.
Tracy, CA 95376

Phone: (209) 815-4054
Facsimile: (209) 832-4326
Email: richardhyppa@gmail.com

Attorney for Plaintiffs AJEENAH
CRITTENDON, EZ E-FILE TAX
PREPARERS, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AJEENAH CRITTENDON, EZ E-FILE TAX PREPARERS, INC., a California Corporation, <br><br>               Plaintiffs, <br><br> vs. <br><br> ANGELICA MULDROW, also known as ANGELICA IVANA, DOES 1-50. <br><br>               Defendants. | Case No. <br><br> **COMPLAINT FOR DAMAGES:** <br><br> **DEFAMATION-LIBEL PER SE** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiffs AJEENAH CRITTENDON, EZ E-FILE TAX PREPARERS, INC., a California corporation (referred to herein as "Plaintiffs") hereby complain against Defendants and each of them, and demand trial by jury, as follows:

COMPLAINT FOR DAMAGES-DEFAMATION: LIBEL PER SE

NATURE OF THE ACTION

1. As more fully stated below, this is an action for damages and injunctive relief based on the Defendant's continuing publication on the internet of false and defamatory statements about Plaintiff, by which Defendant has committed and continues to commit tortious injury upon Plaintiff's reputation through words that expose him to contempt, financial injury and to public hatred the eyes of a substantial and respectable minority of the community, and by which statements she impeaches his integrity, virtue and reputation.

## I.    JURISDICTION AND VENUE

1.    This action is brought in the United States District Court, Northern District of California pursuant to diversity jurisdiction provided in 28 U.S.C. § 1332 (a) (1) to recover damages against Defendants and each of them for libel per se as a result of the Defendants' publishing false and injurious statements about Plaintiffs' business practices.

2.    Plaintiffs AJEENAH CRITTENDON, EZ E-FILE TAX PREPARERS, INC., a California corporation (referred to herein as "Plaintiffs") are residents of the City of Livermore, State of California.

3.    Defendant ANGELICA MULDROW is a resident of Decatur, Georgia.

4.    The amount in controversy, exclusive of interest and Court costs, exceeds the $75,000.00 jurisdictional minimum limit of this Court.  Accordingly, this Court has jurisdiction over the case at bar.

5.    Venue is proper under 28 U.S.C. § 1391(b) because the Defendant's actions as described herein were directed at Plaintiffs and were intended to injure, and did injure Plaintiffs in their business dealings in the State of California and were directed towards Plaintiff's sister, friends, associates, clients, customers and other related parties, all of whom are located in the State of

California. As more fully set forth below, Defendant purposefully availed herself of the benefits and protections of the State of California by establishing minimum contacts with California residents "other than" Plaintiff. A substantial part of the events giving rise to Plaintiffs' claims occurred in this judicial district.

## II. THE PARTIES

6.      Plaintiff EZ E-FILE TAX PREPARERS, INC., a California corporation ("EZ E-FILE) is a California corporation, formed in September, 2007 and is engaged in the business of providing tax advice, preparing tax returns, providing investment advice, providing estate planning advice and providing other financial advice to its customers and clients. AJEENAH CRITTENDON is the Chief Executive Officer, Director and majority shareholder of EZ E-FILE and is an Enrolled Agent, Enrolled to Practice Before the Internal Revenue Service. Licensed No.00092797-EA.

7.      Defendant ANGELICA MULDROW also known as ANGELICA IVANA ("MULDROW") is an individual, over the age of 18 years old and is Plaintiff AJEENAH CRITTENDON's niece.

## III. GENERAL ALLEGATIONS

8.      Plaintiff CRITTENDON formed Plaintiff EZ E-FILE in September, 2007 and has devoted thousands of hours since that time providing tax and financial services to customers and to clients who regularly contact her for advice and services. Plaintiff CRITTENDON has carefully managed and cultivated the business operations of Plaintiff EZ E-FILE to provide honest, trustworthy service and advice and to build and enhance the reputation of EZ E-FILE in the business community in Livermore, California and in surrounding communities.

9.      Plaintiff CRITTENDON's sister, DEBORAH TAYLOR, suffers from Bipolar Disorder, Dementia and related illnesses. DEBORAH TAYLOR lives with Plaintiff CRITTENDON, who

COMPLAINT FOR DAMAGES

took her sister into her home in order to attempt to provide round-the-clock support and care for her sister on July 23, 2021.

10.      Defendant MULDROW has filed legal actions in North Carolina and Georgia to attempt to wrest custody of DEBORAH TAYLOR from Plaintiff CRITTENDON. Each of those attempts have been futile and have been denied by the subject Courts. After she was unsuccessful in those attempts, Defendant MULDROW announced that she would use all means available to her to attack, intimidate and inflict suffering upon Plaintiff CRITTENDON, apparently due to Defendant MULDROW's disappointment with her lack of success in the above-described court actions. Defendant MULDROW suffers from Bipolar Disorder; her symptoms can be somewhat controlled by medication, however, at times Defendant MULDROW elects not to take her medication.

11.      Prior to January 2022, Plaintiff CRITTENDON had maintained Facebook pages on the internet under her name and Plaintiff continues to maintain those Facebook pages. From January, 2022 to the present, Defendant MULDROW has continued to post vicious and defamatory statements.    When Defendant MULDROW posts the defamatory statements on Plaintiff CRITTENDON's Facebook Page Account which is also linked to EZ E-File's Facebook Page and Business Ad Page, those defamatory statements are then made available for viewing by all persons who are Facebook 'Friends' on both Facebook Pages.

12.      As part of her deliberate attacks on Plaintiffs CRITTENDON and EZ E-FILE, Defendant MULDROW has published false, injurious and defamatory statements on Facebook, including the following:

> a) On January 30, 2022, Defendant MULDROW posted on Facebook as follows: "Ajeenah Crittendon the owner of this company used this company to steal my social security number".

b) On January 30, 2022, Defendant MULDROW posted on Facebook as follows: "I would only recommend if you want to be harassed and want your information stolen and tampered with."

c) On January 30, 2022, Defendant MULDROW posted on Facebook as follows: "I have also had to contact the police and file a restraining order just like other clients."

d) On January 30, 2022, Defendant MULDROW posted on Facebook and a Google Review as follows: "The owner of this company is a scam artist go read the Google reviews"

13.    The above-described statements were false. Defendant MULDROW posted those false statements on Facebook and on a Google review with an intention to damage Plaintiffs CRITTENDON and EZ E-FILE and to cause injury to the Plaintiffs' reputations, to cause them to lose existing customers and clients and to prevent them from gaining new customers and clients.

14.    As a result of Defendant MULDROW's publication of the above-described false statements, Plaintiffs suffered severe injury to their reputation in the Livermore business community and especially in the tax preparation and financial advice community. Plaintiffs' new business dropped dramatically and Plaintiffs suffered the loss of existing clients who did not seek Plaintiffs' advice, did not seek tax return preparation and did not seek other services which Plaintiffs provided, all to their financial damage and injury in an amount to be determined according to proof.

15.    In addition to the above, Defendant MULDROW has repeatedly contacted law enforcement agencies, and has repeatedly asked for "welfare checks" on DEBORAH TAYLOR, and Defendant MULDROW has repeatedly made false reports to law enforcement agencies that Plaintiff CRITTENDON has failed to safeguard the welfare of DEBORAH TAYLOR and has

abused DEBORAH TAYLOR, on the following occasions:

a) On Sunday, August 29, 2021, San Joaquin County Sheriff's Deputies visited Plaintiff CRITTENDON's home because they had received a false report from Defendant MULDROW; Defendant MULDROW was aware that the report was false when she made that report to the San Joaquin County Sheriff's Department. Plaintiff CRITTENDON advised the deputies that she had legal guardianship for DEBORAH TAYLOR, provided supporting paperwork, and one of the deputies spoke to DEBORAH TAYLOR and visited her room where she sleeps. The deputies were wholly satisfied with Plaintiff CRITTENDON's explanations and took no further action.

b) On September 05, 2021, Defendant MULDROW again called law enforcement and stated that she had reason to believe that Plaintiff CRITTENDON was not properly caring for DEBORAH TAYLOR, and demanded a demanded a welfare check on DEBORAH TAYLOR. Defendant MULDROW was aware that the report was false when she made that report to the San Joaquin County Sheriff's Department. Law enforcement personnel came to came to Plaintiff CRITTENDON's residence and again spoke to DEBORAH TAYLOR and confirmed that Defendant MULDROW's report was false.

c) On September 13, 2021, September 24, 2021 and October 18th 2021, law enforcement personnel again visited Plaintiff CRITTENDON's residence. Plaintiff CRITTENDON is informed and believes and therefore alleges that those law enforcement visits to her residence were made at the request of Defendant MULDROW for welfare checks for DEBORAH TAYLOR and that Defendant MULDROW also made false reports, which

she knew were false, concerning Plaintiff CRITTENDON's caretaking of DEBORAH TAYLOR on each of those occasions. Plaintiff CRITTENDON did not open her door and law enforcement personnel left without taking further action.

d) On October 22, 2021, Plaintiff CRITTENDON received a copy of an Order of Protection which Defendant MULDROW filed in Georgia against Plaintiff CRITTENDON.

e) On November 1, 2021, Defendant MULDROW filed a Criminal Arrest Warrant Application against Plaintiff CRITTENDON in the State of Georgia. Plaintiff CRITTENDON had to hire an attorney due to the seriousness of the allegations. Plaintiff CRITTENDON appeared at the hearing via ZOOM. The hearing was live-streamed in the State of Georgia and the presiding judge ruled there was no probable caused for an arrest warrant and dismissed the application on November 23, 2021. Plaintiff CRITTENDON is informed and believes and thereon alleges that Defendant MULDROW knowingly made false statements in the Criminal Arrest Warrant Application.

f) On or around November 12, 2021, Defendant MULDROW contacted California Adult Protection Services, and falsely reported that Plaintiff CRITTENDON was abusing DEBORAH TAYLOR. Defendant MULDROW was aware of the falsity of that report when she made the report. Thereafter, an employee from Health & Human Services named Mr. GARCIA came to Plaintiff CRITTENDON's house and left a business card. Plaintiff CRITTENDON then contacted Mr. GARCIA and arranged for a visit for Mr. Garcia with DEBORAH TAYLOR. On November 19, 2021 Mr. GARCIA visited Plaintiff CRITTENDON's residence and Mr. GARCIA met with DEBORAH

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TAYLOR, and requested and received, from Plaintiff CRITTENDON, paperwork confirming that Plaintiff CRITTENDON had been appointed by the court as legal guardian of DEBORAH TAYLOR.

g) On February 17, 2022 Defendant MULDROW's motion to a North Carolina court to attempt to modify Plaintiff CRITTENDON's guardianship of DEBORAH TAYLOR and to have Defendant MULDROW appointed as DEBORAH TAYLOR's guardian was heard in court. After extensive questioning, the court denied the modified Motion to modify guardianship due to insufficient evidence. During the hearing, DEBORAH TAYLOR also appeared via Zoom and spoke to the judge. Plaintiff CRITTENDON is informed and believes and thereon alleges that Defendant MULDROW knowingly made false statements to the Court in her motion papers.

h) On April 12, 2022 Defendant MULDROW contacted law enforcement in the State of Indiana, and knowingly made false statements that Plaintiff CRITTENDON was abusing DEBORAH TAYLOR and that DEBORAH TAYLOR was not able to use a phone to call for help. On or around April 18, 2022, a police officer came to Plaintiff CRITTENDON's house, first asking for Defendant MULDROW. The Officer then asked for DEBORAH TAYLOR, and stated that Defendant MULDROW had alleged that Plaintiff CRITTENDON was abusing DEBORAH TAYLOR. Plaintiff CRITTENDON informed the officer that there was no truth to the report, the officer met briefly with DEBORAH TAYLOR and the officer left without taking any further action.

i) On May 17, 2022, Plaintiff CRITTENDON and DEBORAH TAYLOR went to pick up Plaintiff CRITTENDON's deceased daughter's urn and ashes and checked into a

hotel. Thereafter, a detective and a police officer appeared at Plaintiff CRITTENDON's hotel room regarding allegations that Plaintiff CRITTENDON was abusing DEBORAH TAYLOR. The detective interviewed DEBORAH TAYLOR and examined her physically while Plaintiff CRITTENDON was attempting to handle final arrangements for her deceased daughter. After the detective concluded her interview and examination of DEBORAH TAYLOR, she stated that she would be closing out the case involving the allegations against Plaintiff CRITTENDON. Plaintiff CRITTENDON is informed and believes and thereon alleges that Defendant MULDROW knowingly made false statements to law enforcement in order to persuade law enforcement personnel to appear at Plaintiff CRITTENDON's hotel and investigate Plaintiff CRITTENDON's caretaking of DEBORAH TAYLOR.

16.    As the proximate result of the acts alleged above, Defendant MULDROW caused Plaintiff CRITTENDON to suffer severe humiliation, mental anguish, and emotional and physical distress and bodily injury.

17.    The actions of Defendant MULDROW alleged herein were willful, wanton, malicious, and oppressive, and justify the awarding of exemplary and punitive damages in an amount to be determined by taking into account the financial status, including assets and income, of Defendant MULDROW, sufficient to deter Defendant MULDROW and others from committing identical acts and similar acts to those described herein.

    WHEREFORE, Plaintiff prays for judgment in favor of Plaintiff and against Defendant MULDROW as follows:

1.    For compensatory damages as to all Defendants including DOES 1-60, in the sum of $250,000.00, or an amount to be determined according to proof at trial;

COMPLAINT FOR DAMAGES

2. For special damages alleged herein.

3. For punitive damages

4. For reasonable attorney's fees

5. For costs of suit incurred in this action as to all Defendants; and

6. For such other and further relief as the Court deems proper.

Dated: 12-28-2022

RICHARD G. HYPPA, Attorney for
Plaintiffs AJEENAH CRITTENDON, EZ
E-FILE TAX PREPARERS, INC.

COMPLAINT FOR DAMAGES

- 10 -