United States District Court
Northern District of California

1

2

3

4

5

6

7        UNITED STATES DISTRICT COURT

8        NORTHERN DISTRICT OF CALIFORNIA

9

10   AJEENAH CRITTENDON, et al.,              Case No. 22-cv-09153-RS

11              Plaintiffs,

12        v.                                  **ORDER DENYING SPECIAL MOTION
                                              TO STRIKE UNDER CAL. CIV. PROC.**
13   ANGELICA MULDROW,                        **CODE § 425.16 AND *SUA SPONTE***
                                              **DISMISSING COMPLAINT**
14              Defendant.

15

16                       **I. INTRODUCTION**

17        Plaintiffs Ajeenah Crittendon and EZ E-File Tax Preparers, Inc., have filed suit against

18   Defendant Angelica Muldrow. While the operative Amended Complaint does not separately state

19   its claims for relief, it clearly avers Defendant posted four defamatory comments on Plaintiffs'

20   Facebook pages. These comments were all allegedly posted on January 30, 2022:

21        (1) "Ajeenah Crittendon the owner of this company used this
              company to steal my social security number"

22        (2) "I would only recommend if you want to be harassed and want
23            your information stolen and tampered with."

         (3) "I have also had to contact the police and file a restraining order
24            just like other clients."

25        (4) "The owner of this company is a scam artist go read the Google
              reviews"

26   Dkt. 7 ("Compl.") ¶ 12. In response, Defendant has filed a special motion to strike under

27   California Code of Civil Procedure § 425.16, otherwise known as an anti-SLAPP motion. This

28   motion is suitable for disposition without oral argument, and the motion hearing set for April 20,

2023, is vacated. *See* Civ. L.R. 7-1(b). For the reasons discussed below, the motion is denied. This order also addresses issues raised in Defendant's moving papers, but not salient to the anti-SLAPP motion. Further, the Amended Complaint is dismissed, *sua sponte*, with leave to amend, because it does not include sufficient averments to state a claim for which relief can be granted.

## II. DEFENDANT'S ANTI-SLAPP MOTION

"California law provides for the pre-trial dismissal of certain actions, known as Strategic Lawsuits Against Public Participation, or SLAPPs, that masquerade as ordinary lawsuits but are intended to deter ordinary people from exercising their political or legal rights or to punish them for doing so." *Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 261 (9th Cir. 2013) (internal quotation marks omitted) (quoting *Batzel v. Smith*, 333 F.3d 1018, 1024 (9th Cir. 2003), *superseded in part by statute on other grounds as stated in Breazeale v. Victim Servs., Inc.*, 878 F.3d 759, 766–67 (9th Cir. 2017)). Evaluating an anti-SLAPP motion involves a two-step analysis. First, "the moving defendant must make a prima facie showing that the plaintiff's suit arises from an act in furtherance of the defendant's constitutional right to free speech." *Id.* Second, "the burden shifts to the plaintiff to establish a reasonable probability that it will prevail on its claim in order for that claim to survive dismissal." *Id.* (citing CAL. CIV. PROC. CODE § 425.16(b)(1)).

Applying this framework here, Defendant has satisfied her burden under the first step. The Ninth Circuit, drawing from the holdings of California courts, has found that "statements warning consumers of fraudulent or deceptive business practices constitute a topic of widespread public interest, so long as they are provided in the context of information helpful to consumers." *Id.* at 262; *see, e.g.*, *Wong v. Jing*, 117 Cal. Rptr. 3d 747, 759 (Ct. App. 2010) ("[C]onsumer information that goes beyond a particular interaction between the parties and implicates matters of public concern that can affect many people is generally deemed to involve an issue of public interest for purposes of the anti-SLAPP statute."); *Chaker v. Mateo*, 147 Cal. Rptr. 3d 496, 502 (Ct. App. 2012) (challenged statements "plainly [fell] within . . . the rubric of consumer information" about the plaintiff's business and "were intended to serve as a warning to consumers about his trustworthiness"). Here, the challenged statements implicate Plaintiffs' business practices and

appear explicitly intended to reach (and warn) potential customers. Plaintiffs' own pleadings concede this, noting, for instance, that Defendant's accusation that Plaintiffs stole her Social Security number "cuts to the heart of Plaintiffs' business reputation," resulting in "an immediate reduction in the number of new business inquiries." Dkt. 21, at 8–9. The comments thus go "beyond parochial issues concerning a private dispute." *Wong*, 117 Cal. Rptr. 3d at 760.

The first step being satisfied, Plaintiffs must demonstrate the Amended Complaint is "both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." *Sonoma Media Invs., LLC v. Super. Ct.*, 247 Cal. Rptr. 3d 5, 36 (Ct. App. 2019) (quoting *Navellier v. Sletten*, 52 P.3d 703, 708 (Ct. App. 2002)). This bar is not particularly high. *See Hilton v. Hallmark Cards*, 599 F.3d 894, 908 (9th Cir. 2010). Here, Plaintiffs responded to the motion, in the form of a declaration, with justifications for why each of the challenged statements are false (though notably, as discussed *infra*, these explanations are absent from the Amended Complaint). *See* Dkt. 20 ¶¶ 4, 6–8. This suffices to establish some probability of success on the merits. Plaintiffs having carried their burden, the motion is denied.

### III. PERSONAL JURISDICTION AND VENUE

Embedded in Defendant's anti-SLAPP motion is an argument that the Amended Complaint must be dismissed because Defendant lacks sufficient minimum contacts to give rise to general jurisdiction. *See* Dkt. 15 ("Motion"), at 14–17. This will be construed as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2) and, as such, will be denied. Federal district courts in California follow California law to determine whether they may exercise specific personal jurisdiction[1] over a defendant. California law, in turn, looks to whether the defendant has "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Schwarzenegger v. Fred Martin*

---

[1] This case implicates only *specific* personal jurisdiction, not, as Defendant's motion suggests, general personal jurisdiction.

*Motor Co.*, 374 F.3d 797, 803 (interpreting *Calder v. Jones*, 465 U.S. 783 (1984)). Here, the averred defamatory acts are intentional acts, and Plaintiffs sufficiently indicate the comments (a) were intended to be displayed to Northern California consumers who may have been seeking Plaintiffs' services and (b) caused Plaintiffs' reputational harm therein. Dkt. 21, at 11; *see Janus v. Freeman*, 840 Fed. App'x 928, 930–32 (9th Cir. 2020) (mem.); *cf. Burdick v. Super. Ct.*, 183 Cal. Rptr. 3d 1, 25 (Ct. App. 2015) (holding plaintiffs had not shown that defamatory posts made on defendant's personal Facebook page were "expressly aimed or intentionally targeted at California, that either the Facebook page or the posting had a California audience, that any significant number of Facebook 'friends,' who might see the posting, lived in California, or that the Facebook page had advertisements targeting Californians"). The Amended Complaint thus does not fail for lack of personal jurisdiction.

The anti-SLAPP motion also argues that venue is improper in this District. *See* Motion, at 17. This will likewise be treated as a motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3), and it also should be denied. Venue is proper in this District given that the averred injury occurred here. *E.g.*, *GemCap Lending I, LLC v. Bateman*, No. CV17-3305 PSG GJSx, 2017 WL 8183191, at *5 (C.D. Cal. July 17, 2017).

## IV. ORDER DISMISSING COMPLAINT AND STRIKING MATERIAL

That the Amended Complaint is sufficient to survive Defendant's anti-SLAPP motion does not mean it also adequately states a claim for which relief may be granted. *Hilton*, 599 F.3d at 902. As alluded to above, though the Amended Complaint contains a jurisdictional statement and a demand for relief, it is unclear what claims for relief it includes. It thus facially does not meet the federal pleading requirements. Fed. R. Civ. P. 8(a).

In addition, while the Amended Complaint focuses predominantly on averments of defamation, the pleadings themselves are conclusory as to the falsity of the challenged statements; it simply describes these statements as false, rather than even minimally explaining what makes them so. Such "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009). Plaintiffs have submitted more fulsome explanations for why these statements are false, but those are contained in a separate declaration, not on the face of the Amended Complaint. *See* Dkt. 20. Finally, the Amended Complaint contains numerous averments that appear wholly irrelevant to any claim of defamation, including statements concerning Defendant's mental health and prior legal actions initiated by Defendant. *See* Compl. ¶¶ 9–10, 15–17.

A court may dismiss a complaint on its own motion, *Long v. JP Morgan Chase Bank, Nat'l Ass'n*, 848 F. Supp. 2d 1166, 1173 (D. Haw. 2012), and may strike "any redundant, immaterial, impertinent, or scandalous matter" from a pleading on its own motion, *see* Fed. R. Civ. P. 12(f)(1). For the reasons described above, and in the interests of judicial economy, the Amended Complaint is dismissed, with leave to amend, and paragraphs 9, 10, 15, 16, and 17 are stricken.

## V. CONCLUSION

For the reasons stated above: (1) Defendant's special motion to strike is denied, with prejudice; (2) Defendant's motion is construed to include a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, and that motion is denied; (3) Defendant's motion is further construed to include a Rule 12(b)(3) motion to dismiss for improper venue, and that motion is denied; (4) the Amended Complaint is dismissed, *sua sponte*, for failure to state a claim upon which relief may be granted, with leave to amend; and (5) paragraphs 9, 10, 15, 16, and 17 are stricken. Any amended complaint must be filed within 21 days of the entry of this order.

Further, both parties are admonished not to include "redundant, immaterial, impertinent, or scandalous" materials in any future pleadings, including material relating to that stricken from the Amended Complaint. *E.g.*, Compl. ¶¶ 9–10, 15–17; Motion, at 4–5; *see* Fed. R. Civ. P. 12(f). Should Plaintiffs choose to expand their claims, or if Defendant elects to bring counterclaims, they must do so, but only in accordance with the Federal Rules.[2] *See* Fed. R. Civ. P. 8, 13.

---

[2] Defendant, proceeding pro se, is advised that she may wish to seek assistance from the Federal Pro Bono Project's Legal Help Center, which can help connect her to an attorney who can provide basic legal help, but not legal representation. The Center may be reached by calling (415) 782-8982 or emailing FedPro@sfbar.org.

United States District Court
Northern District of California

1

2  **IT IS SO ORDERED**.

3

4  Dated: March 31, 2023

5  _____

6  RICHARD SEEBORG
   Chief United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

ORDER DENYING ANTI-SLAPP MOTION AND DISMISSING COMPLAINT
CASE NO. 22-cv-09153-RS