UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AJEENAH CRITTENDON, et al.,

Plaintiffs,

v.

ANGELICA MULDROW,

Defendant.

Case No. 22-cv-09153-RS

**ORDER GRANTING MOTION TO DISMISS, DENYING MOTION FOR ATTORNEY FEES, AND DENYING MOTION TO STRIKE**

## I. INTRODUCTION

The parties here have filed three motions. Defendant has filed a motion to dismiss under Rule 12(b)(6), arguing that this action is barred by res judicata. Prior to this, Plaintiffs filed a motion for attorney fees relating to Defendant's previously filed (and denied) anti-SLAPP motion to dismiss. Plaintiffs argue that motion was frivolous, and that they should be awarded fees as a result. Finally, Defendant has filed a motion to strike portions of Plaintiffs' reply brief in connection with the motion for attorney fees. All of these motions are suitable for disposition without oral argument. *See* Civil L.R. 7-1(b). For the reasons discussed below, the motion to dismiss is granted, the motion for attorney fees is denied, and the motion to strike is denied.

## II. BACKGROUND

Plaintiffs Ajeenah Crittendon and EZ E-File Tax Preparers, Inc. ("EZ"), brought this suit against Defendant Angelica Muldrow, relying on the Court's diversity jurisdiction. Crittendon is Muldrow's aunt and the CEO of EZ. The First Amended Complaint did not delineate any claims

United States District Court
Northern District of California

1    for relief, but it clearly averred that Defendant had posted four defamatory comments online in

2    January 2022 about Crittendon and her business. These included for instance, "Ajeenah Crittendon

3    the owner of this company used this company to steal my social security number" and "I would

4    only recommend if you want to be harassed and want your information stolen and tampered with."

5    Dkt. 28 ¶¶ 12–13. Defendant responded by filing a special motion to strike under California's anti-

6    SLAPP law. That motion was denied and, in the same order, Plaintiffs' First Amended Complaint

7    was dismissed *sua sponte*, with leave to amend.[1]

8           Plaintiffs then filed the Second Amended Complaint, which raises two claims for relief:

9    one for defamation and libel under California law, and a state law claim for intentionally making

10   false police reports. The former claim refers to the allegedly defamatory online comments; the

11   latter claim avers that Defendant made false police reports in 2021 and 2022, apparently in

12   connection with Crittendon's supervision of her sister (Defendant's mother). Defendant responded

13   by filing the immediate motion to dismiss. In a somewhat confusing succession of events,

14   Plaintiffs filed a motion for attorney fees in connection with Defendant's denied anti-SLAPP

15   motion. Defendant then filed a motion to strike portions of Plaintiffs' reply brief to the fee motion.

### III. MOTION TO DISMISS

17          Defendant moves to dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of

18   Civil Procedure. The primary thrust of the motion is that Plaintiffs' claims are barred by res

19   judicata, because Plaintiffs "already brought or could have brought[] the claims presented in this

20   suit." Dkt. 42, at 2. This refers to the fact that, on February 2, 2022, Muldrow sued Crittendon and

21   EZ in the U.S. District Court for the Northern District of Georgia. *See Muldrow v. EZ E-File Tax*

22   *Preparers, Inc.*, No. 22-cv-554-TCB, 2022 WL 2349204 (N.D. Ga. Mar. 22, 2022). Muldrow

23   averred that Crittendon had issued her two fraudulent 1099-MISC forms for 2021, which stated

24   Muldrow had received several hundred thousand dollars in income from EZ and from Crittendon.

---

[1] The order also rejected Defendant's implied challenge to personal jurisdiction and venue. *See* Dkt. 26, at 3–4. It further struck certain paragraphs of the First Amended Complaint. *Id.* at 5.

1    Crittendon filed an answer pro se, averring that she had issued the Form 1099s because Muldrow

2    had caused the specified amount in damages through defamation, harassment, and fraud.

3    Specifically, she alleged that Muldrow made defamatory posts on EZ's Facebook page and Google

4    reviews, including that Crittendon had "used the company to steal my [Muldrow's] social security

5    number." *Muldrow*, Dkt. 6, at 7. She also claimed Muldrow had "made numerous attempts to get a

6    Temporary/Permanent Protection Order(s), Criminal Arrest Warrant, Police and/or Sheriff sent to

7    Defendants' place of business . . . and personal residence, along with several complaints with

8    Adult Protective Services alleging Defendant Crittendon was abusing and neglecting her

9    [Muldrow's] mother." *Id.* at 14.

10       After a hearing on March 22, 2022, where Crittendon apparently failed to appear, the court

11   entered a preliminary injunction ordering her to correct the Form 1099s to indicate Muldrow

12   received $0 in income from Crittendon and EZ, and to refrain from filing any further illegitimate

13   Form 1099s. *Muldrow*, 2022 WL 2349204, at *1. The court also entered final judgment against

14   Crittendon and awarded Muldrow $5,000 in damages. *Id.* at *2. Crittendon moved to set aside or

15   vacate the judgment, but this was denied. *Muldrow v. EZ E-File Tax Preparers, Inc.*, No. 22-cv-

16   554-TCB, 2022 WL 2349205, at *1 (N.D. Ga. May 12, 2022). Crittendon then appealed, and the

17   Eleventh Circuit affirmed. *Muldrow v. EZ E-File Tax Preparers, Inc.*, No. 22-12108, 2023 WL

18   3476416, at *3–4 (11th Cir. May 16, 2023).

19       On this basis, Muldrow contends Plaintiffs are barred from relitigating these issues in this

20   case. This argument is persuasive. The issues raised in the Georgia case are not just similar to the

21   ones raised here — they are essentially identical. Crittendon's counterclaims (though not styled as

22   such in her Answer) in the Georgia suit clearly arose from the same transaction or occurrence as

23   Muldrow's claims; they were properly brought and, indeed, were compulsory counterclaims.

24   *Pochiro v. Prudential Ins. Co. of Am.*, 827 F.2d 1246, 1251 (9th Cir. 1987).[2] As the Georgia case

25

26   _____

[2] The fact that Crittendon's suit raises additional alleged defamatory comments that were posted
27   after the conclusion of the Georgia case is of no moment, because any additional conduct she has
     averred "would have been merely one in a series." *Id.* at 1251 n.9; *see Heartland Payment Sys.,
     Inc. v. Mercury Payment Sys., LLC*, No. C 14-0437 CW, 2016 WL 304764, at *10 (N.D. Cal. Jan.

28   ORDER ON MOTION TO DISMISS, MOTION TO STRIKE, AND MOTION FOR ATT'Y FEES
     CASE NO. 22-cv-09153-RS

United States District Court
Northern District of California

1    was premised on federal diversity jurisdiction, the preclusive effect of that judgment is determined

2    based on Georgia preclusion rules. *In re JPMorgan Chase Derivative Litig.*, 263 F. Supp. 3d 920,

3    930 (E.D. Cal. 2017) (citing *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008)). In deciding whether the

4    doctrine of res judicata applies, Georgia courts consider "(a) the identity of the parties or their

5    privies; (b) the identity of the cause of action; (c) the binding effect of the prior judgment, i.e.

6    whether there was an adjudication on the merits; and (d) public policy concerns weighing against a

7    strict application of res judicata." *Curling v. Raffensperger*, 403 F. Supp. 3d 1311, 1325 (N.D. Ga.

8    2019) (citing *Smith v. AirTouch Cellular of Ga., Inc.*, 534 S.E.2d 832, 836 (Ga. Ct. App. 2000)).

9        These factors all weigh decisively in favor of applying res judicata. First, the parties are

10   literally identical here, just on opposite sides of the *v.* Second, as noted above, the counterclaims

11   Crittendon previously raised are identical to the claims presented here. Crittendon argues the prior

12   case did not adjudicate those counterclaims on the merits, since no evidence was introduced

13   concerning the veracity of Muldrow's alleged statements and because Crittendon was unable to

14   attend the hearing. Yet this is not the standard under Georgia law. As courts have explained:

> [A]n adjudication on the merits does not require that the litigation
> should be determined on the merits, in the moral or abstract sense of
> these words. It is sufficient that the status of the action was such that
> the parties might have had their suit thus disposed of, if they had
> properly presented and managed their respective cases. Thus, it is
> only where the merits were not and could not have been determined
> under a proper presentation and management of the case that res
> judicata is not a viable defense. If, pursuant to an appropriate handling
> of the case, the merits were or could have been determined, then the
> defense is valid.

21   *Cmty. State Bank v. Strong*, 651 F.3d 1241, 1270 (11th Cir. 2011) (quoting *Smith*, 534 S.E.2d at

22   836). Even considering that Crittendon responded to Muldrow's complaint pro se, this does not

23   entitle her to a second bite at the apple in a different federal court on the other side of the country.

24   *Cf. Muldrow*, 2023 WL 3476416, at *3 ("As to Crittendon's arguments on the mistake of law

25   relating to the IRS forms, the district court disagreed, noting that Crittendon had the opportunity to

26   _____

27   26, 2016).

28

be heard at the March 22 hearing but refused to attend. The court explained that Crittendon could not complain of a mistake of law a month after the hearing at which she voluntarily did not appear."). Finally, Crittendon identifies no compelling policy justification against applying res judicata here. In fact, this case is a textbook example of the importance of res judicata: "to protect against the expense and vexation attending multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by minimizing the possibility of inconsistent decisions." *Taylor*, 553 U.S. at 892 (cleaned up) (quoting *Montana v. United States*, 440 U.S. 147, 153–54 (1979)). This action is barred by res judicata, and Defendant's motion is granted.

## IV. MOTION FOR ATTORNEY FEES

Pursuant to Cal. Civ. Proc. Code § 425.16(c)(1), Plaintiffs move for attorney fees for the expenses incurred in responding to Defendant's anti-SLAPP motion. As noted above, the anti-SLAPP motion was denied. The prior order found that, while Defendant had "made a prima facie showing that [this] suit arises from an act in furtherance of [her] constitutional right to free speech," Plaintiffs had crossed the low threshold of establishing "some probability of success on the merits." Dkt. 26, at 2–3. Plaintiffs argue in their fee motion that the anti-SLAPP motion was frivolous as "any reasonable attorney would agree [it] was totally devoid of merit." Dkt. 34, at 5 (quoting *Rudisill v. Cal. Coastal Comm'n*, 35 Cal. App. 5th 1062, 1070 (Ct. App. 2019)).

Plaintiffs' argument is unpersuasive under the circumstances. The fact that the anti-SLAPP motion was denied does not make it frivolous, and, indeed, the motion raised some cogent points. Further, it bears keeping in mind that Defendant has been proceeding pro se; holding her to the same standard as an attorney would thus be patently unfair. *Cf. Real Time Resolutions, Inc. v. Ramirez*, No. CV-22-6693-MWF (JPRx), 2022 WL 17813787, at *2–3 (C.D. Cal. Nov. 29, 2022). Awarding attorney fees would not be appropriate here, and the motion is denied.

## V. MOTION TO STRIKE

Finally, Defendant has filed a motion to strike portions of a declaration submitted by Plaintiffs in connection with their reply brief to their motion for attorney fees. Defendant cites Rule 12(f) of the Federal Rules of Civil Procedure, but this rule does not cover the declaration at

United States District Court
Northern District of California

issue. By its terms, that rule "applies only to striking material 'from a pleading,'" and the declaration is not a "pleading" as defined by the Federal Rules. *United States v. Hughes*, No. 18-cv-05931-JCS, 2021 WL 1091951, at *3 (N.D. Cal. Mar. 22, 2021). Further, it's unclear what granting the motion would accomplish, since "the mere fact that one side says that something is or may be true does not automatically result in the Court believing that position." *Id.* The motion is therefore denied.

## VI. CONCLUSION

Defendant's motion to dismiss is granted, and the complaint is dismissed with prejudice. Defendant's motion to strike is denied. Plaintiffs' motion for attorney fees is denied. A separate judgment will enter and the case will be closed.

**IT IS SO ORDERED**.

Dated: August 22, 2023

RICHARD SEEBORG
Chief United States District Judge